UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NATACHA LOUVRIER,<br>    Plaintiff,<br><br>v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION,<br>    Defendant. | **Civil Action No.:**<br>Demand for Jury Trial |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. Plaintiff, Natacha Louvrier ("Plaintiff"), is a resident of Tiverton, Rhode Island.

2. Defendant United Services Automobile Association ("USAA") is a domestic insurance company, licensed and approved to transact insurance business, including entering into motor insurance contracts in the State of Rhode Island.

### JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

### FACTS

4. Plaintiff re-states and re-alleges paragraphs 1–3 as if fully set forth herein.

5. On or about January 11, 2022, USAA issued a policy of insurance ("hereinafter the "Policy") to Plaintiff with a policy term from March 18, 2022 to September 18, 2022.

6. On or about September 8, 2022, an uninsured motorist was operating a vehicle in Middletown, Rhode Island when they forcefully and negligently struck Plaintiff's vehicle.

1

7. The above collision has caused Plaintiff significant personal injuries, pain and suffering, lost wages, and medical expenses.

8. Plaintiff made a request for uninsured motorist benefits under the auto contract purchased from Defendant USAA including evidence of significant injuries, lost wages, medical bills, and continued pain and suffering.

9. To date, after being provided with more than a reasonable opportunity to provide the UM benefits, Defendant USAA has failed to tender Plaintiff the available uninsured policy limits under the UM policy.

## COUNT I
### (Breach of Contract: Plaintiff v. USAA)

10. Plaintiff re-states and re-alleges paragraphs 1-9 as if fully set forth herein.

11. The Policy issued by USAA to Plaintiff constitutes a valid and enforceable contract.

12. Defendant USAA has breached the contract by *inter alia*, failing to properly evaluate Plaintiff's UM claim, failing to provide a timely written evaluation, and failing to provide UM benefits to Plaintiff within a reasonable time of request and in compliance with Rhode Island law, including R.I. Gen. Laws Title 27.

13. As a direct cause of Defendant USAA's breach, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against USAA for compensatory damages in an amount in excess of $75,000.00 and in an amount sufficient to fully compensate her for her damages and injuries, plus interest and cost.

## COUNT II
### (*Bad Faith*: Plaintiff v. USAA)

14. Plaintiff re-states and re-alleges paragraphs 1-13 as if fully set forth herein.

15. By issuing the Policy and entering into a contract with Plaintiff, USAA had an implied duty to act in good faith and fair dealings toward Plaintiff.

16. USAA's duties include but are not limited to promptly and fully responding to its insured and adhering to R.I. Gen. Laws § 27-9.1-4.

17. USAA breached its duties to Plaintiff and has done so intentionally, with callous disregard for Plaintiff's well-being.

18. As a direct cause of USAA's intentional misconduct, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against USAA for compensatory damages in an amount in excess of $75,000.00, all other fees and costs allowable by state law, and in an amount sufficient to fully compensate her for her damages and injuries, plus interest and cost.

## COUNT III
### (Violation of R.I. Gen. Laws § 9-1-33:  Plaintiff v. USAA)

19. Plaintiff re-states and re-alleges paragraphs 1-18 as if fully set forth herein.

20. Defendant USAA's failure to evaluate Plaintiff's claim and tender UM benefits and continuing to do so constitutes acts of bad faith and a violation of R.I. Gen. § 9-1-33.

21. As a direct cause of USAA's intentional misconduct, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against USAA for compensatory damages in an amount in excess of $75,000.00, all other fees and costs allowable by state law, and in an amount sufficient to fully compensate her for her damages and injuries, plus interest and cost.

## DEMAND FOR JURY TRIAL

Plaintiff hereby claims a trial by jury on all issues so triable.

                                        PLAINTIFF,
                                        NATACHA LOUVRIER,
                                        By his attorneys:

                                        */s/ Gregory P. Sorbello*
                                        Gregory P. Sorbello, Esq. (#6564)
                                        Michael R. Bottaro, Esq. (#7389)
                                        The Bottaro Law Firm LLC
                                        756 Eddy Street
                                        Providence, Rhode Island 02903
                                        Tel. (401) 383-5007
                                        Fax. (401) 383-5005
                                        Email: greg@bottarolaw.com
                                                       mike@bottarolaw.com

Dated: 8/4/2023